UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JULIANE STAR DONALD,**

        Petitioner,

v.                                                              Case No:  6:18-cv-609-Orl-31KRS

**WARDEN, JOHN E. POLK
CORRECTIONAL FACILITY,**

        Respondent.
_____/

**ORDER**

Petitioner, a pretrial detainee at the John E. Polk Correctional Facility, has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:[1]

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7(HL), 2011 WL 672335, *1 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712 (N. D. Ga. Nov. 29, 2010)).

Petitioner complains that her right to due process has been violated and she has been denied pretrial release. (Doc. 1 at 6.) In support of her grounds, Petitioner asserts that the state court revoked her bond for failure to appear when she appeared thirty minutes late. (*Id.*) Petitioner requests the Court to order her release. (*Id.* at 7.)

Initially, the Court notes that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37, 45, 53-54 (1971)). "Irreparable injury exists if the challenged provision is 'flagrantly and patently violative of express constitutional prohibitions' or if 'unusual circumstances [exist] that would call for equitable relief.'" *Butler v. Ala. Judicial Inquiry Com'n,* 245 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Younger*, 401 U.S. at 53-54).

Petitioner has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. Petitioner has not alleged that her prosecution is motivated by bad faith. Moreover, she has not established that there is no adequate alternative state forum where her constitutional issue can be raised, nor has she demonstrated irreparable injury warranting this Court's interference in the state court's criminal process. Therefore, abstention is appropriate in this case.

Furthermore, "[f]ederal courts generally require habeas petitioners to exhaust remedies available in the state courts before entertaining claims for relief." *Bearden v.*

*Walls*, No. 217CV02020KOBJHE, 2018 WL 1178555, at *2 (N.D. Ala. Jan. 12, 2018*), report and recommendation adopted,* No. 217CV02020KOBJHE, 2018 WL 1174457 (N.D. Ala. Mar. 6, 2018). Although 28 U.S.C. § 2241 does not contain an express exhaustion requirement, "federal courts recognize such a requirement applies to § 2241 petitions." *Id*. (citing *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982)). Consequently, Petitioner must first exhaust available remedies in the Florida state courts before seeking federal habeas relief.

Pursuant to Florida law, a defendant may file a petition for writ of habeas corpus in the district court of appeal if the defendant's bond is revoked. *See, e.g.*, *Johnson v. Guevara*, 156 So. 3d 557, 558 (Fla. 3d DCA 2015) (denying habeas petition challenging the circuit court's order revoking bond and ordering pretrial detention). Petitioner notes in her petition that she filed a petition for writ of habeas corpus in the circuit court, but it was stricken because it was filed *pro se* and she is represented by counsel. (Doc. 1 at 2.) Petitioner has not filed a petition for writ of habeas corpus in the Fifth District Court of Appeal of Florida regarding the revocation of her bond and pretrial release. (*Id*. at 3.) Therefore, Petitioner has not exhausted her state remedies nor has she demonstrated an exception to the procedural exhaustion requirement.

Accordingly, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to close this case and enter judgment accordingly.

**DONE** and **ORDERED** in Orlando, Florida on May 23, 2018.

／s／ Gregory A. Presnell
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Juliane Star Donald